Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )   CASE NO.        06-30949 (LMW)
                                    )
  JAMES J. PATNAUDE and             )   CHAPTER         7
  CARMEN PATNAUDE,                  )
                                    )
         DEBTORS.                   )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  RONALD I. CHORCHES, TRUSTEE,      )   ADV. PRO. NO.   08-3021 (LMW)
                                    )
         PLAINTIFF                  )   DOC. I.D. NOS.  14, 18
                                    )
    vs.                             )
                                    )
  JAMES J. PATNAUDE and             )
  CARMEN PATNAUDE,                  )
                                    )
         DEFENDANTS.                )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**APPEARANCES**

| | |
|---|---|
| Ronald I. Chorches, Esq.<br>Law Offices of Ronald I. Chorches<br>433 Silas Deane Highway, 2nd floor<br>Wethersfield, CT  06109 | Chapter 7 Trustee |
| Carmen Patnaude<br>75 E 190th Street, Apt. 1F<br>Bronx, NY 10468 | *Pro se* Defendant |
| James J. Patnaude<br>9 Clubhouse Road<br>Woodbury, CT 06798 | *Pro se* Defendant |

**BRIEF MEMORANDUM OF DECISION
AND ORDER RE: MOTION FOR JUDGMENT**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS**, this adversary proceeding was commenced by the chapter 7 trustee (the "Trustee") by the filing of a complaint (Doc. I.D. No. 1, the "Complaint") against the above-captioned debtors (the "Debtors") seeking to revoke the Debtors' discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A);[1]

**WHEREAS,** because the Debtors failed to respond to the Complaint, the Trustee sought and obtained default (*see* Doc. I.D. No. 12) against the Debtors;

**WHEREAS,** on December 12, 2008, the Trustee filed that certain Motion for Judgment (Doc. I.D. No. 14, the "Motion") seeking judgment on the Complaint;

**WHEREAS,** a hearing (the "Hearing") on the Motion was convened on January 7, 2009, at which Hearing Debtor Carmen Patnaude appeared *pro se*. James J. Patnaude did not appear;[2]

**WHEREAS,** at the Hearing, the court instructed Mrs. Patnaude to contact the Trustee to try to resolve this matter and continued the Hearing;

**WHEREAS,** after several continuances, the Hearing was convened on February 11, 2009. At the Hearing, counsel for Trustee appeared but Mrs. Patnaude did not appear. Counsel for the

---

[1] On November 8, 2007, the court issued that certain Order for Turnover of Property of the Estate (Case Doc. I.D. No. 44) in the bankruptcy case requiring the Debtors to produce information and/or documentation, including bank statements and income tax returns, to the Trustee. This adversary proceeding was commenced as a result of the Debtors' failure to comply with the foregoing order.

[2] Initially, the court granted the Motion finding that the Trustee had made out a *prima facie* case against the Debtors. Mrs. Patnaude then appeared and represented that Mr. Patnaude had moved to China. Consequently, the court rescinded its prior ruling as to Mrs. Patnaude only (there being no notice issues as to Mr. Patnaude).

Trustee represented that, because Mrs. Patnaude had failed to cooperate with the Trustee to resolve this matter, the Trustee was pressing the Motion. The court took the matter under advisement;

**WHEREAS,** due to the serious ramifications of granting the relief sought by the Motion and because Mrs. Patnaude is a *pro se* party, the court determined that the Motion should be restored to the calendar to give Mrs. Patnaude one final opportunity to respond to the Motion;

**WHEREAS,** on April 17, 2009, the court issued that certain Order Restoring Motion to Calendar, Scheduling Motion for Hearing and Requiring Debtor To Appear at Continued Hearing (Doc. I.D. No. 18, the "Order") which (among other things) scheduled a continued Hearing (the "Continued Hearing") on the Motion for April 29, 2009;

**WHEREAS,** the Order required Mrs. Patnaude to appear at the Continued Hearing and provided in relevant part:

> **ORDERED** that, <u>if Mrs. Patnaude fails to appear at the Continued Hearing, judgment will enter in favor of the Trustee (without further hearing and notice) as a sanction for such failure to appear.</u>

(Order at 3) (emphasis in original);

**WHEREAS,** Mrs. Patnaude failed to appear at the Continued Hearing;

**NOW, THEREFORE,** for the reasons stated on the record at the Continued Hearing, it is hereby **ORDERED** that, because the Trustee has made out a *prima facie* case as to Mr. Patnaude, the Motion is granted and judgment shall enter in favor of the Trustee revoking Mr. Patnaude's chapter 7 discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A); and it is further

**ORDERED** that, because Mrs. Patnaude failed to appear at the Continued Hearing, the Motion is granted, as a sanction, and judgment shall enter in favor of the Trustee against Mrs. Patnaude revoking her chapter 7 discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6)(A).

Dated: May 1, 2009                             BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge